UNITED STATES DISTRICT COURT
For the
DISTRICT OF MASSACHUSETTS

Robert Miller,
      Plaintiff,

v.                                         Civil No.   04-CV-

Michael T. Maloney, individually, and     **Plaintiff Demands a Jury Trial**
Massachusetts Department of Corrections,
      Defendants.

RECEIPT #
AMOUNT $
SUMMONS ISSUE
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE

**COMPLAINT**

**Introduction.**

This case alleges a violation of 42 U.S.C. §1983 in that defendant Maloney violated plaintiff Miller's right to expressive association as protected by the First and Fourteenth Amendments in that Maloney fired Miller for conversing with a New Hampshire prison inmate regarding corruption within the New Hampshire Department of Corrections. Miller also alleges a violation of Massachusetts common law arising from the same and related facts against Maloney and the Department of Corrections.

**Parties, Jurisdiction and Venue.**

1.     Plaintiff Robert Miller is a resident of Concord, New Hampshire, and a is former employee of the defendant Massachusetts Department of Corrections having worked at a prison in Gardner, Massachusetts (MCI-Gardner).

2.     Defendant Michael T. Maloney was at all relevant times the Commissioner of the Massachusetts Department of Corrections (hereinafter MA-DOC), an

1

agency of the Commonwealth of Massachusetts that, *inter alia*, operates MCI-Gardner. Defendant Maloney was plaintiff's ultimate supervisor while plaintiff worked for MA-DOC. Defendant Maloney is sued in his individual capacity.

3. Defendant Massachusetts Department of Corrections is an agency of the Commonwealth of Massachusetts that, *inter alia*, operates MCI-Gardner, and was plaintiff's employer at times relevant to this lawsuit.

4. This court has jurisdiction pursuant to 28 U.S.C. §§1331(a) and 1343(3) because this suit arises out of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

5. Venue is proper in this district because both defendants are residents of Massachusetts and the termination at issue here took place in Massachusetts.

**Facts.**

6. From December 10, 1999, until August 19, 2002, Miller was an employee at MCI-Gardner. Miller was a Unit Manager responsible for about 60 staff and 450 inmates.

7. Miller was also, at all times relevant to this action, a private investigator duly licensed by the State of New Hampshire.

8. Throughout the time Miller worked at MCI-Gardner, he was also involved with New Hampshire legislative officials who were investigating corruption at the New Hampshire Department of Corrections (hereinafter NH-DOC), Miller's former employer.

9. Members of the New Hampshire House of Representatives asked Miller to

investigate allegations of misconduct by NH-DOC staff, Miller relayed the information he learned to the legislators and other state officials, and Miller testified before the New Hampshire Legislature as to the results of his formal and informal investigations.

10. At the time defendant MA-DOC hired Miller, Miller's immediate supervisors at MA-DOC were specifically aware of Miller's work with New Hampshire officials and their investigation of NH-DOC, and were specifically aware that Miller continued these activities throughout the time he worked at MCI-Gardner.

11. At no time did Miller's supervisors at MA-DOC direct Miller not to engage in the activities described above nor did they ever discourage or advise Miller not to engage in such activities.

12. In December 2001, Miller interviewed David Edwards over the course of several phone calls. Edwards was an inmate at the New Hampshire State Prison in Concord, New Hampshire. Edwards made each collect phone call from the prison to Miller at Miller's home in New Hampshire during times that Miller was not working at MCI-Gardner.

13. Many months before Edwards's calls to Miller, Edwards and a sergeant at the New Hampshire State Prison conspired together to bring contraband into the prison in Concord, New Hampshire, a violation of prison rules and a felony subjecting both Edwards and the sergeant to discipline and possible criminal charges. See N.H.R.S.A. 642:7.

14. Miller knew in December 2001 that Edwards had cooperated with the internal NH-DOC investigator, Brian Blackden, that Edwards gave a taped statement to Blackden implicating the sergeant, that Blackden found probable cause to commence disciplinary action and/or to bring criminal charges against the sergeant, and Miller knew that Blackden recommended such action to his superiors at NH-DOC.

15. Miller also knew that senior NH-DOC officials took no action against the sergeant in response to Blackden's investigation and that Blackden alleged he was retaliated against for pressing the issue.

16. The inaction of senior NH-DOC officials in the Edwards matter was one topic the New Hampshire legislators investigated.

17. Miller interviewed Edwards at the request of New Hampshire legislators for the purpose of learning more about the Edwards case and NH-DOC's failure to take action against the sergeant, and possibly about other NH-DOC staff corruption.

18. Miller's communication with Edwards dealt with matters of public concern, that is, corruption within NH-DOC.

19. NH-DOC recorded the phone calls between Miller and Edwards. Miller assumed as much and stated during the conversation with Edwards that the call was probably being recorded. Miller nonetheless engaged in the conversations because, acting on behalf of the legislature, he believed his conduct was protected.

20. For unknown reasons and by unknown means, the tapes and/or transcripts

of the tapes were delivered to MA-DOC.

21. On July 18, 2002, Maloney commenced disciplinary process against Miller for "receiv[ing] telephone calls from an inmate from New Hampshire," an alleged violation of the rule that "you must not associate with, accompany, correspond or consort with any inmate ... without specific approval of your Superintendent," and for other alleged misconduct not at issue here.

22. In defending the disciplinary charges, Miller specifically informed Maloney's designated investigator and hearings officer of the facts and circumstances surrounding his conversations with Edwards as described above and specifically argued that disciplinary action would violate Miller's constitutional rights.

23. Nonetheless, the final outcome of the disciplinary process was that Maloney fired Miller solely because "you did receive phone calls from an inmate in custody in New Hampshire, you did not have authorization to receive such calls, and you did not report those calls."

## Count I

(First Amendment Violation against defendant Maloney)

24. Miller incorporates paragraphs 1 through 23 as though stated here.

25. Miller's communications with Edwards constituted a matter of public concern, and were thus protected by the First and Fourteenth Amendments.

26. Maloney, at the time he fired Miller, knew the circumstances surrounding Miller's communication with Edwards which rendered those communications

5

constitutionally protected.

27. Maloney fired Miller for protected communications with Mr. Edwards

28. Maloney's termination of Miller thus violated Miller's First and Fourteenth Amendment rights.

29. As a direct and proximate result of Maloney's constitutionally impermissible termination, Miller has suffered past and future lost wages and benefits, pain and suffering; attorney's fees, costs and interest in an amount subject to proof.

## Count II

(Wrongful discharge in violation of public policy against Maloney and MA-DOC)

30. Miller incorporates paragraphs 1 through 29 as though stated here.

31. Massachusetts law recognizes an exception to the general at-will employment rule when an employee is fired in violation of public policy.

32. Miller's activities with the New Hampshire Legislature in its attempt to investigate and remedy corruption within NH-DOC constitute important public deeds. Miller's communication with Edwards was part of Miller's whistle-blowing-type activity and was not only sanctioned, but often requested by the New Hampshire House of Representatives, Criminal Justice Committee.

33. Maloney's and/or MA-DOC's termination of Miller expressly for talking to Edwards, at a time Maloney and/or MA-DOC knew the circumstances surrounding those conversations, amounts to a wrongful termination in violation of public policy.

34. As a direct and proximate result of Maloney's and/or MA-DOC's constitutionally impermissible termination, Miller has suffered past and future lost wages and benefits, pain and suffering; attorney's fees, costs and interest in an amount subject to proof.

35. PLAINTIFF REQUESTS A TRIAL BY JURY.

WHEREFORE, plaintiff Robert Miller respectfully asks this court to:

Award plaintiff damages as against defendants Maloney and/or MA-DOC to compensate plaintiff for past and future lost wages and benefits, damages for emotional distress, costs, pre- and post-judgment interest, disbursements and reasonable attorney's fees pursuant to 42 U.S.C. §1988, all in an amount subject to proof.

                                      Respectfully submitted,
                                      Robert Miller
                                      By his attorney

                                      _/s/ Michael J. Sheehan_  12/27/2004
                                      Michael J. Sheehan, Esq. BBO #550404
                                      58 Pleasant Street
                                      Concord, NH  03301
                                      (603) 225-5240

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert Miller

## DEFENDANTS
Michael Maloney and
Massachusetts Department of Corrections

(b) County of Residence of First Listed Plaintiff: **Merrimack County NH**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Norfolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael J. Sheehan, Esq.
58 Pleasant Street
Concord, NH 03301
603-225-5240

Attorneys (If Known)
Teresa Walsh, Esq.
One Ashburton Place
Boston, MA 02108-1598
617-727-2200

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | [x] 442 Employment | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | |
| | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[x] 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff alleges he was fired from his state corrections job for engaging in protected First Amendment activity/speech.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE: NA
DOCKET NUMBER:

DATE: December 27, 2004
SIGNATURE OF ATTORNEY OF RECORD: Michael J. Sheehan  /s/ M. Sheehan

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Robert Miller v. Michael Maloney__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   NA

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ___   NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ___   NO ✓

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ___   NO ___

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ___   NO ✓

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ✓   NO ___

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ✓    Central Division ___    Western Division ___

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ___    Central Division ___    Western Division ___

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ___   NO ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Michael J. Sheehan__
ADDRESS __58 Pleasant Street, Concord, NH  03301__
TELEPHONE NO. __603-225-5240__

(Coversheetlocal.wpd - 10/17/02)